Jonathan D. Baker (SBN 196062)
jdbaker@dickinsonwright.com
Craig Y. Allison (SBN 161175)
callison@dickinsonwright.com
DICKINSON WRIGHT RLLP
800 W. California Avenue, Suite 110
Sunnyvale, CA 94086
Phone: 408-701-6200
Fax: 844-670-6009

*Attorneys for Plaintiffs Hanon Systems,
Hanon Systems USA, LLC,
Hanon Systems Deutschland GmbH,
Hanon Systems (Dalian) Co., Ltd., and
Hanon Jie Xi Si Systems (Nanjing) Co., Ltd.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| HANON SYSTEMS, HANON SYSTEMS USA, LLC, HANON SYSTEMS DEUTSCHLAND GMBH, HANON SYSTEMS (DALIAN) CO., LTD., and HANON JIE XI SI SYSTEMS (NANJING) CO., LTD.<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>BYTON NORTH AMERICA CORPORATION,<br><br>　　　　　Defendant. | Case No. 5:20-cv-01983<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>**1. BREACH OF CONTRACT**<br>**2. PROMISSORY ESTOPPEL**<br>**3. UNJUST ENRICHMENT** |

COMPLAINT FOR DAMAGES　　　　　　　　　　1

Plaintiffs Hanon Systems, Hanon Systems USA, LLC ("Hanon USA"), Hanon Systems Deutschland GmbH ("Hanon Germany"), Hanon Systems (Dalian) Co., Ltd. ("Hanon Dalian"), and Hanon Jie Xi Si Systems (Nanjing) Co., Ltd. ("Hanon Nanjing"), for their complaint against Defendant Byton North America Corporation ("Byton"), allege as follows:

## NATURE OF THE ACTION

This is an action for damages caused by Defendant's breaches of automotive supply contracts between Plaintiffs and Defendant, including recovery of all amounts owed for goods and services ordered by and received by Defendant, and for which Defendant has failed to pay. Plaintiffs also seeks to recover interest, attorney fees and costs.

## PARTIES

1. Plaintiff Hanon Systems is a South Korean corporation whose principal place of business is in South Korea.

2. Plaintiff Hanon USA is a Delaware limited liability company. Hanon USA's sole member is Hanon Systems. Hanon USA is therefore a citizen of South Korea for purposes of diversity jurisdiction.

3. Plaintiff Hanon Germany is a German corporation whose principal place of business is located in Germany.

4. Plaintiff Hanon Dalian is a Chinese corporation whose principal place of business is located in China.

5. Plaintiff Hanon Nanjing is a Chinese corporation whose principal place of business is located in China.

6. Defendant Byton is a Delaware corporation whose principal place of business is located in Santa Clara, California. Byton is therefore a citizen of Delaware and California for purposes of diversity jurisdiction.

7. The Court has diversity jurisdiction over this action under 28 U.S.C. § 1332(a)(2) because Plaintiffs are all citizens of foreign states and Defendant is a citizen of a state, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8. This Court is the appropriate venue for this action under 28 U.S.C. § 1391(b)(1) because Byton resides in this judicial district.

9. This Court is also the appropriate venue for this action based on the venue provisions of three different contract awards issued by Byton to Hanon Systems (as further detailed below).

10. Byton is subject to personal jurisdiction in this Court.

## INTRADISTRICT ASSIGNMENT

11. Pursuant to Civil L.R. 3-2(c), this action should be assigned to the San Jose Division because Byton's principal place of business is located in Santa Clara County and a substantial part of the events or omissions giving rise to the claims occurred within Santa Clara County.

## GENERAL BACKGROUND

12. Hanon Systems and its subsidiaries and affiliates operate as leading global supplier of automotive thermal and energy management solutions.

13. Byton holds itself out as "a manufacturer of intelligent electric cars."

14. On July 1, 2018, Byton issued a contract award to Hanon Systems to design, develop, manufacture and supply 100% of Byton's requirements for certain automotive parts over a seven year period, with production expected to begin in October of 2019 ("Contract Award #1").

15. On July 1, 2018, Byton also issued a second contract award to Hanon Systems to design, develop, manufacture and supply 100% of Byton's requirements for certain other automotive parts over a seven year period, with production expected to begin in October of 2019 ("Contract Award #2").

16. On September 24, 2018, Byton issued a third contract award to Hanon Systems to design, develop, manufacture and supply 100% of Byton's requirements for certain other automotive parts over a seven year period, with production expected to begin in October of 2019 ("Contract Award #3").

17. Contract Award #1, Contract Award #2, and Contract Award #3 are hereinafter collectively referred to as the "Contract Awards".[1]

18. In reliance on the Contract Awards (and subsequent purchase orders detailed below), and in order to be able to timely meet its obligations to Byton, Hanon Systems and its subsidiaries, including Hanon USA, Hanon Germany, and Hanon Dalian, made substantial capital and other investments.

19. Byton knew, or should have reasonably expected, that Plaintiffs would be induced and required to make such investments in order to timely perform their obligations.

20. Byton issued a series of purchase orders to Hanon USA and Hanon Germany pursuant to the Contract Awards, requesting that Hanon Systems and its subsidiaries and affiliates provide certain engineering, design and development services, and prototype parts, to Byton that would assist Byton in the development of its vehicles (collectively, the "Part Purchase Orders").

21. Byton also issued a series of purchase orders to Hanon USA, Hanon Germany, Hanon Dalian, and Hanon Nanjing pursuant to the Contract Awards to develop and manufacture certain tooling needed to supply the parts to Byton under the Contract Awards and which was intended to be owned by Byton once manufactured (collectively, the "Tooling Purchase Orders").

22. The Part Purchase Orders and Tooling Purchase Orders are hereinafter referred to collectively as the "Purchase Orders".

23. Plaintiffs performed their obligations under the Contract Awards and Purchase Orders and otherwise met all conditions precedent, if any, to payment and performance of Byton's reciprocal obligations.

24. Plaintiffs submitted invoices to Byton.

25. For a time, Byton paid Plaintiffs' invoices.

26. However, starting around April of 2019, Byton began to become severely delinquent in payments to Plaintiffs.

---

[1] All of the documents referenced in this Complaint are in the possession of Byton and are, or may be, subject to an existing non-disclosure agreement between the parties. Plaintiffs will seek to file them under seal following entry of an appropriate protective order by the Court.

COMPLAINT FOR DAMAGES                4

27. On June 11, 2019, Plaintiffs formally notified Byton that if Byton did not bring its account current by June 18, 2019 or provide other adequate assurance of performance, Plaintiffs would be required to suspend further performance under the Contract Awards and Purchase Orders, which could impact the expected start of production.

28. Byton did not dispute the invoices but claimed financial inability to perform its own payment and performance obligations under the Contract Awards and Purchase Orders.

29. Accordingly, Plaintiffs suspended further performance.

30. On August 9, 2019, Byton advised Plaintiffs that Byton was expecting to receive funding imminently that would allow Byton to bring its account current so that Plaintiffs could resume performance. However, thereafter Byton failed to make any payments to bring its account current.

31. Due to its own financial difficulties and/or operational difficulties, Byton delayed the expected start of production of its vehicles in October of 2019, and to this day Byton has still not started production of the vehicles for which the Contract Awards and Purchase Orders were issued to Plaintiffs.

32. On January 5, 2020, Byton publicly announced that its "Series C financing" was entering its "final stage", and Byton again advised Plaintiffs that Byton would soon be in a financial position to bring its account with Plaintiffs current and to start production. However, again Byton failed to make any payments whatsoever.

33. On March 4, 2020, Plaintiffs' counsel issued Byton a letter demanding payment of the past due invoices issued against the Part Purchase Orders in full by no later than March 19, 2020, and Plaintiff's counsel further advised Byton that failure to comply would result in legal action to recover all damages caused by Byton's breaches of contract.

34. Byton did not comply with Plaintiffs' demand, thereby necessitating this lawsuit.

## **COUNT I – BREACH OF CONTRACT**

35. Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 33 above as though fully set forth herein.

36. The Contract Awards and Purchase Orders constitute binding contracts between Plaintiffs and Byton.

37. Byton's actions above constitute a total breach of the Contract Awards and Purchase Orders, which have caused Plaintiffs millions of dollars in damages.

38. More specifically, Byton's breaches of contract have caused Plaintiffs the following damages in the total amount of at least $2,018,937[2] (exclusive of lost future profits):

    a. $718,840 = amount due and owing to Plaintiffs under the Part Purchase Orders for goods and services delivered;

    b. $27,111 = amount due and owing to Plaintiffs under the Part Purchase Orders for goods assembled but not yet delivered pending adequate assurance of payment (which Plaintiffs have not received);

    c. $398,572 = balance remaining under Tooling Purchase Orders; and

    d. $874,414 = Plaintiffs' unrecovered capital and other investments incurred in reliance on, and in order to perform, the Contract Awards and Purchase Orders.

39. Accordingly, Plaintiffs are entitled to recover from Byton all damages caused by Byton's breaches of contract, in an amount not less than $2,018,937, plus interest, attorney fees and costs as provided by law.

## COUNT II – PROMISSORY ESTOPPEL

40. Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 39 above as though fully set forth herein.

41. In the alternative, the Contract Awards and Purchase Orders constitute promises by Byton to Plaintiffs which Byton should have reasonably expected to induce action on the part of Plaintiffs.

42. In reasonable reliance on the Contract Awards and Purchase Orders, Plaintiffs were induced to take the actions set forth in paragraphs 18 through 23 above.

43. The circumstances are such that injustice can be avoided only by enforcement of Byton's promises.

---

[2] Some of Plaintiffs' invoices and investments were in currencies other than U.S. dollars. For purposes of this Complaint, damages have been estimated in equivalent U.S. dollars based on recent conversion rates.

COMPLAINT FOR DAMAGES     6

1   44.	Accordingly, Plaintiffs are entitled to recover from Byton all reliance and other
2   damages caused by Byton's breaches of its promises, in an amount not less than $2,018,937, plus
3   interest, attorney fees and costs as provided by law.

## COUNT III – UNJUST ENRICHMENT

45.	Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 44 above as though fully set forth herein.

46.	In the alternative, Byton has been unjustly enriched at the expense of Plaintiffs because Plaintiffs provided engineering, design and development services, and provided prototype parts and manufactured tooling for Byton, for which Plaintiffs have not been fully compensated.

47.	The circumstances are such that it would be inequitable for Byton to retain the benefit of Plaintiffs' efforts without payment to Plaintiffs for the value provided.

48.	Accordingly, Plaintiffs are entitled to recover from Byton quantum meruit or restitution damages in an amount not less than $2,018,937, plus interest, attorney fees and costs as provided by law.

## PRAYER FOR RELIEF

Plaintiffs pray for judgment against Defendant Byton as follows:

1.	For compensatory damages, reliance damages, quantum meruit and/or restitution in the amount of at least $2,018,937;

2.	For all other direct, indirect, incidental and consequential damages incurred;

3.	For interest as provided by law;

4.	For attorney fees and costs as provided by law; and

5.	For such further relief as the Court deems just and equitable.

| | |
|---|---|
| Dated: March 20, 2020 | Respectfully submitted, |
| | DICKINSON WRIGHT RLLP |
| | /s/ *Jonathan D. Baker* |
| | Jonathan D. Baker (SBN 196062) |
| | jdbaker@dickinsonwright.com |
| | 800 W. California Avenue, Suite 110 |
| | Sunnyvale, CA 94086 |
| | Phone: 408-701-6180 |
| | Fax: 844-670-6009 |
| | *Attorneys for Plaintiffs* |

4836-3931-1543 v12 [65113-1]