1   Jonathan D. Baker (SBN 196062)
    jdbaker@dickinsonwright.com
2   Craig Y. Allison (SBN 161175)
    callison@dickinsonwright.com
3   DICKINSON WRIGHT RLLP
    800 W. California Avenue, Suite 110
4   Sunnyvale, CA 94086
    Phone: 408-701-6200
5   Fax: 844-670-6009
6
7   *Attorneys for Plaintiffs Hanon Systems,*
    *Hanon Systems USA, LLC,*
8   *Hanon Systems Deutschland GmbH,*
    *Hanon Systems (Dalian) Co., Ltd., and*
9   *Hanon Jie Xi Si Systems (Nanjing) Co., Ltd.*

Keith A. Sipprelle (SBN 143358)
VAN ETTEN SIPPRELLE LLP
2945 Townsgate Road, Suite 200
Westlake Village, CA
Telephone: (805) 719-4900
ksipprelle@vstriallaw.com

*Attorneys for Defendant*
*Byton North America Corporation*

10

11                    **UNITED STATES DISTRICT COURT**

12                   **NORTHERN DISTRICT OF CALIFORNIA**

13                            **OAKLAND DIVISION**

14   HANON SYSTEMS, HANON SYSTEMS        Case No.: 20-cv-01983-YGR
     USA, LLC, HANON SYSTEMS
15   DEUTSCHLAND GMBH, HANON             **SECOND UPDATED JOINT CASE**
     SYSTEMS (DALIAN) CO., LTD., and     **MANAGEMENT STATEMENT**
16   HANON JIE XI SI SYSTEMS (NANJING)
     CO., LTD.
17
                   Plaintiffs,           Hon. Yvonne Gonzalez Rogers
18
            v.
19
     BYTON NORTH AMERICA
20   CORPORATION,
21
                   Defendants.
22

23        Plaintiffs Hanon Systems, Hanon Systems USA, LLC ("Hanon USA"), Hanon Systems

24   Deutschland GmbH ("Hanon Germany"), Hanon Systems (Dalian) Co., Ltd. ("Hanon Dalian"),

25   and Hanon Jie Xi Si Systems (Nanjing) Co., Ltd. ("Hanon Nanjing") (collectively, "Plaintiffs"),

26   and Defendant Byton North America Corporation ("Byton" or "Defendant"), respectfully submit

27   the following Updated Joint Case Management Statement.

28   SECOND UPDATED JOINT CASE                    1              Case No. 20-cv-01983-YGR
     MANAGEMENT STATEMENT

1.   **Jurisdiction and Service**.

The Court's subject matter jurisdiction is based on diversity under 28 U.S.C. § 1332(a)(2) because Plaintiffs are all citizens of foreign states and Defendant is a citizen of a state, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Hanon Systems is a South Korean corporation whose principal place of business is in South Korea. Hanon USA is a Delaware limited liability company. Hanon USA's sole member is Hanon Systems.  Hanon USA is therefore a citizen of South Korea for purposes of diversity jurisdiction. Hanon Germany is a German corporation whose principal place of business is located in Germany.  Hanon Dalian is a Chinese corporation whose principal place of business is located in China. Hanon Nanjing is a Chinese corporation whose principal place of business is located in China. Byton is a Delaware corporation whose principal place of business is located in Santa Clara, California.  Byton is therefore a citizen of Delaware and California for purposes of diversity jurisdiction.  Personal jurisdiction and venue are proper because Byton resides in this judicial district.  Byton has been served and has filed an answer and affirmative defenses.

2.   **Facts**.

Plaintiffs' Position: Hanon Systems and its subsidiaries and affiliates operate as a global supplier of automotive thermal and energy management solutions. Byton is an electric car manufacturing company.  In 2018 and 2019, Byton issued certain contract awards and purchase orders to Plaintiffs.  Plaintiffs made substantial capital and other investments to perform. Plaintiffs performed their obligations under the contract awards and purchase orders, and submitted invoices to Byton.  For a time, Byton paid Plaintiffs' invoices.  However, starting around April of 2019, Byton began to become severely delinquent in payments to Plaintiffs.

On June 11, 2019, Plaintiffs formally notified Byton that if Byton did not bring its account current by June 18, 2019 or provide other adequate assurance of performance, Plaintiffs would be required to suspend further performance, which could impact the expected timing of Byton's start of vehicle production.  Byton did not dispute the invoices but claimed financial inability to perform its own payment and performance obligations.  Accordingly, Plaintiffs suspended further performance.

On March 4, 2020, Plaintiffs' counsel issued Byton a letter demanding payment of the past due invoices in full by no later than March 19, 2020.  Byton neither disputed the demand nor complied with it.

Plaintiffs filed suit on March 20, 2020 for breach of contract, promissory estoppel and unjust enrichment.

Defendant's Position: Defendant denies all material allegations of Plaintiffs' Complaint, and has asserted certain affirmative defenses. Defendant contends that there was no contractual relationship between Defendant and certain of the Plaintiffs, and further denies that that it owes Plaintiffs the sums claimed.

3.    **Legal issues**.

Plaintiffs' Position: Plaintiffs view this case as straightforward breach of contract/ collection case governed by California law and are not aware of any disputed points of law.

Defendant's Position: Defendant denies all material allegations of Plaintiffs' Complaint, and has asserted certain affirmative defenses.  Defendant contends that there was no contractual relationship between Defendant and certain of the Plaintiffs, and further denies that that it owes Plaintiffs the sums claimed.  Defendant agrees with Plaintiffs that the case is governed by California substantive law.

4.    **Motions**.

Plaintiffs' Position: Plaintiffs filed a motion seeking prejudgment writs of attachment as to a certain subset of the claims of Hanon USA and Hanon Germany.  The Court denied the motion without prejudice on July 10, 2020.  Plaintiffs have not renewed the motion.  Plaintiffs anticipate filing a motion to strike Defendant's jury demand prior to trial as Defendant agreed to a jury trial waiver clause in the parties' contract.

Defendant's Position: Defendant does not anticipate filing any pre-trial motions.

5.    **Amendment of Pleadings.**

Plaintiffs filed an Amended Complaint on July 7, 2020.  Defendant filed an Amended Answer on July 31, 2020.  The Parties do not anticipate seeking leave to file any further amended pleadings.

**6.**     **Evidence Preservation.**

Counsel for the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information, and have met and conferred pursuant to F.R.C.P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7.**     **Disclosures.**

The parties complied with initial disclosure requirements.

**8.**     **Discovery.**

Plaintiffs' Position:  Plaintiffs engaged in written discovery, requests for production of documents, and took one fact witness deposition of a former employee of Defendant.  Plaintiffs attempted to obtain the depositions of several other former employees of Defendant but were unsuccessful.  Fact discovery closed on January 31, 2021.  Plaintiffs do not intend to engage in expert discovery.

Defendant's Position:  Defendant did not engage in any written discovery or serve any requests for production of documents.  Defendant did not take any depositions.  Defendant does not intend to engage in expert discovery.

Service of Discovery:  Pursuant to *Federal Rules of Civil Procedure* 5(b)(2)(E), the parties agree to serve all discovery requests and responses, as well as all document productions, electronically to the parties' respective counsel of record at their current email addresses (as indicated on the caption page of this document). Service of any such electronically-served discovery document is deemed complete upon sending, but is not effective if the sender learns that the document did not reach the person to be served.

**9.**     **Class Actions.**

Not applicable.

**10.**     **Related Cases.**

Not applicable.

**11.**     **Relief.**

Plaintiffs' Position.     Plaintiffs seek damages in the total amount of at least $2,018,937

(exclusive of lost future profits), broken down as follows:

     a.   $718,840  = amount due and owing to Plaintiffs under the Part Purchase Orders for goods and services delivered;

     b.   $27,111 = amount due and owing to Plaintiffs under the Part Purchase Orders for goods assembled but not yet delivered pending adequate assurance of payment (which Plaintiffs have not received);

     c.   $398,572 = balance remaining under Tooling Purchase Orders;

     d.   $874,414 = Plaintiffs' unrecovered capital and other investments incurred in reliance on, and in order to perform, the contract awards and purchase orders; and

     e.   Interest, attorney fees and costs as provided by law.

**Defendant's Position**: Defendant disputes the amounts claimed by Plaintiffs and the manner in which Plaintiffs have calculated their purported damages.  Among other things, Defendant contends that certain of the Plaintiffs had no contractual relationship with Defendant and are not proper parties to this this litigation. Defendant further contends that some of the work for which Plaintiffs billed Defendant was either not performed or was not approved by Defendant, and that Plaintiffs have thus overbilled Defendant. Additionally, Defendant contends that damage categories "b," "c" and "d" above are not recoverable items of damage in this contract action. Moreover, Defendant contends that the amount which Plaintiffs legitimately are entitled to recover (if anything) is not in fact owed by Defendant but instead is the obligation of a different entity. However, assuming liability is established against Defendant, recoverable damages should be limited to those amounts for which the work was actually performed by Plaintiffs and approved by Defendant.

**12.**   **Settlement and ADR.**

**Plaintiffs' Position**.  The parties participated in mediation conducted by mediator Constance Yu on September 29, 2020.  The matter was not settled.  While Plaintiffs' are willing to try again should the Court order it, Plaintiffs believe that based on Defendant's unserious approach to the prior mediation that doing so will likely simply waste Plaintiffs' time and money.

     5     

Defendants' Position.  Defendant engaged in the September 29, 2020 mediation in good faith. Defendant objects to and disputes Plaintiffs' characterization of Defendant's participation in the mediation as "unserious."

**13.   Consent to Magistrate Judge for All Purposes**.

Defendant declines to consent to having a Magistrate Judge conduct all further proceedings.

**14.   Other References**.

Plaintiffs' Position: Plaintiffs were previously willing to go to arbitration but Defendant was not.  At this point, Plaintiffs intend to proceed to trial in this Court.

Defendant's Position: Defendant does not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.   Narrowing of Issues**.

Plaintiffs' Position: Plaintiffs believe the first three categories of damages outlined above cannot be genuinely disputed by Defendant either as to liability or amount. The only possible genuine issues are (1) whether and to what extent Defendant is entitled to offsets against the third category of damages for any uncompleted work under the "Tooling Purchase Orders" and (2) Defendant's liability for Plaintiffs' unrecovered capital investments.

Defendant's Position: Defendant believes it is premature to discuss a narrowing of the issues.

**16.   Expedited Trial Procedure**.

Plaintiffs' Position: Plaintiffs are willing to use an expedited trial procedure.

Defendant's Position: Defendant does not believes this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64.

**17.   Scheduling**.

A scheduling order was previously set by the Court and remains in place.

**18.   Trial**.

Plaintiffs' Position: Trial is set for August 23, 2021.  The trial is currently set for a jury trial. However, Plaintiffs anticipate filing a motion to strike Defendant's jury demand prior to trial

as Defendant agreed to a jury trial waiver clause in the parties' contract.  Plaintiffs believe the case will take 2-3 days maximum to try to the Court.

Defendant's Position: Defendant has demanded a jury trial. Defendant believes this case will take approximately 10 days to try (including jury selection, openings and closings, and the presentation of evidence).

**19.    Disclosures of Non-Party Interested Entities or Persons.**

Plaintiffs' Position:  Plaintiff has filed its "Certification of Interested Entities and Corporate Disclosure Statement" required by Civil Local Rule 3-15.  In addition, pursuant to Civil L.R. 3-15, other than the named parties, Plaintiff certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

- Hahn & Co. Auto Holdings Co., Ltd., which owns more than 10% of Hanon Systems.
- Hankook Tire Co., Ltd., which owns more than 10% of Hanon Systems.
- Japan Climate Systems Corporation, which owns more than 10% of Hanon Jie Xi Si Systems (Nanjing) Co., Ltd.
- Panasonic Corporation, which owns more than 10% of Japan Climate Systems Corporation.
- Mazda Corporation, which owns more than 10% of Japan Climate Systems Corporation.

Defendant's Position: Defendant has filed its "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, pursuant to Civil L.R. 3-15, other than the named parties, Defendant certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the

1   outcome of this proceeding: BYTON Limited (f/k/a: Future Mobility Corporation Ltd.), a Hong

2   Kong company, which is the 100% owner of Defendant.

3      **20.    Professional Conduct.**

4      All attorneys of record have reviewed the Guidelines for Professional Conduct for the

5   Northern District of California.

6      **21.    Other Matters**.

7      Not applicable.

8

9   DATED: March 23, 2021                  */s/ Doron Yitzchaki*
                                           Doron Yitzchaki (Michigan Bar #P72044)
10                                         *Admitted Pro Hac Vice*
                                           DICKINSON WRIGHT PLLC
11                                         350 S. Main Street, Suite 300
                                           Ann Arbor, MI 48104
12                                         Phone: 734-623-1947
                                           dyitzchaki@dickinsonwright.com
13
                                           -and-
14
                                           Jonathan D. Baker (SBN 196062)
15                                         jdbaker@dickinsonwright.com
                                           Craig Y. Allison (SBN 161175)
16                                         callison@dickinsonwright.com
                                           DICKINSON WRIGHT RLLP
17                                         800 W. California Avenue, Suite 110
                                           Sunnyvale, CA 94086
18                                         Phone: 408-701-6200
                                           Fax: 844-670-6009
19
                                           *Attorneys for Plaintiffs*
20

21   DATED: March 23, 2021                 */s/ Keith A. Sipprelle*
                                           Keith A. Sipprelle (SBN 143358)
22                                         VAN ETTEN SIPPRELLE LLP
                                           2945 Townsgate Road, Suite 200
23                                         Westlake Village, California 91361
                                           Telephone: (805) 719-4900
24                                         Facsimile: (805) 719-4950
                                           ksipprelle@vstriallaw.com
25
                                           *Attorneys for Defendant*
26

27

28

---

**ATTESTATION**

I hereby attest that all signatories listed above, on whose behalf this Second Updated Joint Case Management Statement is submitted, concur in the filing's content and have authorized the filing.


Dated: March 23, 2021

*/s/ Doron Yitzchaki*
Doron Yitzchaki (Michigan Bar #P72044)
*Admitted Pro Hac Vice*
DICKINSON WRIGHT PLLC
350 S. Main Street, Suite 300
Ann Arbor, MI 48104
Phone: 734-623-1947
dyitzchaki@dickinsonwright.com

*Attorneys for Plaintiffs*